COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Frank
Argued at Chesapeake, Virginia


SHELTON THOMAS, S/K/A
 SHELTON RAY THOMAS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0343-01-1         JUDGE ROBERT P. FRANK
                                       FEBRUARY 5, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    H. Vincent Conway, Jr., Judge

            Robert Moody, IV (Krinick, Segall, Moody,
            Lewis & Allen, on brief), for appellant.

            Jennifer R. Franklin, Assistant Attorney
            General (Randolph A. Beales, Attorney
            General, on brief), for appellee.


     Shelton Thomas, s/k/a Shelton Ray Thomas (appellant) was

convicted in a bench trial of distribution of cocaine, in

violation of Code § 18.2-248.  On appeal, he contends the trial

court erred when admitting into evidence the certificate of

analysis.  He argues the Commonwealth failed to establish a

post-analysis chain of custody for the cocaine.  For the reasons

stated, we affirm the conviction.

                            ANALYSIS

     Appellant contends the chain of custody was "broken"

because Terry Hutchens, an evidence custodian for James City

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

County, did not account for the drugs from the time he received the evidence from the lab until the evidence was presented in court; therefore, appellant maintains, the trial court erred by accepting the evidence. When reviewing such decisions to admit evidence, the trial court's ruling "will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

Appellant does not contest the chain until after Hutchens retrieved the evidence from the lab. The issue, therefore, requires us to examine whether a post-analysis chain of custody must be established before a certificate can be introduced. Our decision in Gosling v. Commonwealth, 14 Va. App. 158, 415 S.E.2d 870 (1992), controls this issue.

In Gosling, we explained:

> Evidence of the "physical or chemical properties of an item . . . requires proof of the chain of custody" to establish "'with reasonable certainty'" that the material was not "'altered, substituted, or contaminated'" prior to its analysis. Reedy v. Commonwealth, 9 Va. App. 386, 387, 388 S.E.2d 650, 650-51 (1990) (quoting Washington v. Commonwealth, 228 Va. 535, 550, 323 S.E.2d 577, 587 (1984), cert. denied, 471 U.S. 1111 (1985)). Obviously, it is the period preceding the analysis that is crucial to this determination. Id. at 391-92, 388 S.E.2d at 650-51. Once reasonably certain that the evidence analyzed was the same evidence originally collected and submitted, the report in this instance was admissible "as evidence of the facts therein stated and the results of the analysis . . . referred to therein." Code § 19.2-187.

> While the record reflects that some confusion may have occurred in the post-analysis repackaging and return of the evidence from the laboratory, this problem related to the articles themselves, not the certificate of analysis.

Id. at 166, 415 S.E.2d at 874.

Here, without question, the Commonwealth established the pre-analysis chain of custody, and the certificate of analysis itself was properly received by the court.  The handling of the drugs themselves after the analysis has no relevance to the admission of the certificate as long as the evidence of custody prior to the analysis establishes "'"with reasonable certainty"' that the material was not '"altered, substituted, or contaminated"' prior to the analysis."  Gosling, 14 Va. App. at 166, 415 S.E.2d at 874 (quoting Reedy, 9 Va. App. at 387, 388 S.E.2d at 650-51 (quoting Washington, 228 Va. at 550, 323 S.E.2d at 587)) (emphasis added).

Finding no error in the admission of the certificate of analysis, we affirm the judgment of the trial court.

Affirmed.